UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SOLOMONA RICKY PATU,

                Plaintiff,

      v.

DAVID DAVID, *et al.,*

                Defendant.

CASE NO. 2:22-cv-00641-JCC-JRC

ORDER TO SHOW CAUSE

On May 11, 2022, plaintiff, who is housed at the Monroe Correctional Complex in Monroe, Washington, filed a proposed application to proceed *in forma pauperis* and a proposed civil rights complaint pursuant to 42 U.S.C. § 1983. Dkt. 1. Based on plaintiff's proposed complaint, it is unclear whether venue is proper in the Western District of Washington or whether this case should be transferred to the Eastern District of Washington. For this reason, plaintiff needs to show cause by **July 14, 2022** why this case should not be transferred to the Eastern District.

**DISCUSSION**

The court may raise venue *sua sponte* ("on its own") when the defendant has not filed a

ORDER TO SHOW CAUSE - 1

1    responsive pleading and the time for doing so has not run. *See Costlow v. Weeks*, 790 F.2d 1486,

2    1488 (9th Cir. 1986). If the complaint's jurisdiction is not founded solely on diversity, then

3    venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in

4    the same state; (2) the district in which a substantial part of the events or omissions giving rise to

5    the claim occurred, or a substantial part of the property that is the subject of the action is

6    situated; or (3) a judicial district in which any defendant may be found, if there is no district in

7    which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). When venue is improper,

8    the district court has the discretion to either dismiss the case or transfer it "in the interest of

9    justice." *See* 28 U.S.C. § 1406(a).

10            Plaintiff names David David, a doctor, and Ms. Shauna Barker, a therapist, as defendants.

11    Dkt. 1. Both defendants appear to be employees of the Washington State Penitentiary ("WSP"),

12    which formerly housed plaintiff.  Plaintiff alleges that that defendant David improperly treated

13    plaintiff's stomach infection. *Id*. at 5.  Plaintiff also alleges that defendant Barker did not find his

14    stomach condition serious enough to warrant a transfer to another facility.  *Id*. at 6.

15            Although plaintiff filed this cause of action in the Western District of Washington and

16    resides at the Monroe Correctional Complex, which is in the Western District of Washington, it

17    appears that the events described in the complaint occurred at the WSP, which is located in the

18    Eastern District of Washington. Dkt. 1. Further, it does not appear that either defendant is

19    domiciled in Western Washington.

20            Plaintiff shall file a response by July 14, 2022 explaining why the Court should not

21    transfer this case to the Eastern District of Washington. Plaintiff is directed to carefully review

22    the general venue statute, 28 U.S.C. § 1391, and the change of venue statute, 28 U.S.C. § 1404.

23    If plaintiff's response does not clearly state why this case should remain in this district and not

24

be transferred, or if plaintiff fails to respond to this Order by July 14, 2022, the Court will

proceed with a recommendation that plaintiff's case be transferred to the Eastern District of

Washington.

Dated this 14th day of June, 2022.

J. Richard Creatura
Chief United States Magistrate Judge